IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:17-cr-24(1) |
| v. | : | JUDGE WALTER H. RICE |
| JASON ROSALES, | | |
| Defendant. | : | |

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTIONS TO DISQUALIFY OR RECUSE JUDGE (DOCS. ##138, 143)

In July of 2018, Defendant Jason Rosales was convicted on two drug trafficking counts and sentenced to 240 months imprisonment.[1] The Court overruled his *pro se* motion for a new trial. Doc. #73. Defendant appealed. The Sixth Circuit Court of Appeals affirmed the Court's findings on sufficiency of the evidence and the jury instructions, but remanded for resentencing as it pertained to the two-level obstruction-of-justice enhancement. Doc. #116. The Court imposed the same sentence on remand. Doc. #125. Defendant has again appealed; that appeal remains pending. Defendant also filed an Omnibus Newly Discovered Evidence Motion, Doc. #137-2, which the Court construes as a delayed motion for a new trial.

---

[1] An earlier trial resulted in a hung jury.

This matter is currently before the Court on Defendant's Motions to Disqualify or Recuse Judge, Docs. ##138, 143.[2] He maintains that the undersigned is prejudiced against him and should disqualify himself.

Federal law provides as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . .

28 U.S.C. § 455.

The law further provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

---

[2] The two motions are identical. Defendant simply resubmitted his earlier motion.

2

In support of his motions, Defendant has submitted an affidavit citing numerous statements made by the Court in the context of his original sentencing hearing, his resentencing hearing and other judicial proceedings related to the case. Defendant maintains that these statements prove that the Court is biased and prejudiced against him and is "psychologically wedded to his prior rulings." Defendant further argues that, in ruling on the motion for a new trial, the undersigned will be placed in an untenable position of evaluating his own prior findings and will want to "avoid the appearance of having erred or changed positions." Doc. #138, PageID#3906. He therefore argues that recusal is warranted.

Defendant's motion is meritless. All statements he cites were made during the course of Defendant's criminal proceedings. The Sixth Circuit has explained that the kind of personal bias that warrants recusal "must be predicated . . . upon extrajudicial conduct rather than on judicial conduct." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (quoting *City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980)).

> The alleged bias must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). Extrajudicial conduct encompasses only "personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.* at 1090 (internal quotation marks omitted). "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. *Wheeler v.*

3

*Southland Corp.,* 875 F.2d 1246, 1251–52 (6th Cir.1989) (citing *Demjanjuk v. Petrovsky,* 776 F.2d 571, 577 (6th Cir.1985)).

*Youn*, 324 F.3d at 423.

Given that Defendant bases his allegations of bias exclusively on statements made during the course of his criminal proceedings, his motions lack merit. *Id. See also United States v. Scherer*, 532 F. Supp.3d 479, 484-85 (S.D. Ohio 2021) (Marbley, C.J.) ("[A]ffidavits that are based exclusively on a judge's prior orders and oral statements are insufficient to warrant recusal . . . [J]udicial rulings alone almost never constitute a valid basis for a claim of bias.").

Moreover, the citations to the record (some of which Defendant has taken out of context or misquoted) would not lead a reasonable person to believe that the undersigned has a personal bias against Defendant. Although the Court overruled Defendant's objections to the presentence investigation report, sentenced Defendant to 240 months in prison, and overruled his earlier *pro se* motion for a new trial based on misconduct and jury tampering, Doc. #73, these rulings were based solely on an application of law to the facts. Nor does the undersigned have any "personal knowledge of disputed evidentiary facts concerning the proceeding," beyond what was gleaned during the course of the two trials, to justify recusal.

For the reasons stated above, the Court OVERRULES Defendant's Motions to Disqualify or Recuse Judge, Docs. ##138, 143.

4

Date: November 3, 2022

                                               WALTER H. RICE
                                               UNITED STATES DISTRICT JUDGE