# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,      :      Case No. 3:17-cr-24

                                        District Judge Walter H. Rice
- vs -                                Magistrate Judge Michael R. Merz

JASON ROSALES,

           Defendant.     :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 150). The case was referred to United States Magistrate Judge Michael R. Merz (ECF No. 151) who ordered the United States to answer the Motion (ECF No. 152). It has done so (ECF No. 161) and Defendant has filed a Reply in support (ECF No. 163), making the Motion to Vacate ripe for decision.

**Litigation History**

The grand jury for this District returned an indictment against Defendant on February 16, 2017, charging him with conspiring to possess with intent to distribute in excess of 500 grams of methamphetamine (Count One) and attempting to possess the same drug in the same amount

1

(Count Two) (ECF No. 3). Trial commenced February 13, 2018, but the original jury was unable to reach a verdict. A new jury was empaneled and the second trial commenced July 16, 2018. This second jury found Defendant guilty on both counts on July 25, 2018 (ECF No. 60). On July 15, 2019, Defendant was sentenced to the term of imprisonment he is now serving and from which he seeks relief (ECF No. 75). Rosales appealed.

On March 16, 2021, the Sixth Circuit Court of Appeals affirmed the conviction, but remanded for reconsideration of the obstruction of justice enhancement. *United States v. Rosales*, 990 F.3d 989 (6th Cir. 2021)(copy at ECF No. 116). After the required reconsideration, Judge Rice imposed the same sentence as before (ECF No. 125) and Rosales again appealed (ECF No. 128).

On December 5, 2022, the Sixth Circuit affirmed the final judgment (ECF No. 148). Defendant did not seek review in the United States Supreme Court. On November 28, 2023, Defendant filed the instant Motion to Vacate (ECF No. 150).

While the appeal was pending, Defendant filed what he captioned as "Omnibus [Newly Discovered] Evidence Motion (ECF No. 139). Construing this as a motion for new trial, Judge Rice overruled it on December 2, 2022 (ECF No. 147) and Defendant took no appeal.

In the instant Motion to Vacate, Defendant pleads the following Grounds for Relief:

> **Ground One:** Ineffective Assistance of Counsel/Serious Attorney Misconduct.
>
> **Ground Two:** Anthony Vannoy helped willfully conceal favorable evidence that proves Mr. Rosales' defense and theory.
>
> **Ground Three**: Anthony Vannoy stipulated to translations and exhibits without authority, allowing evidence to be developed and used.

2

>    **Ground Four:** Failure to Present defense and investigate witnesses and develop evidence he knew existed [i. e. letters written from Tinisha DeLong].

(Motion, ECF No. 150, PageID 4320-25). Defendant's Motion to Vacate is, with attachments, 241 pages long. The Government filed an Answer comprising twenty-three pages. Rosales then filed what he labeled as a Reply to the Answer, comprising 461 pages. Not only are Defendant's filings voluminous, they are also not organized around either his Grounds for Relief or arguments in opposition from the United States. Therefore the structure of this Report will follow the structure of the Answer, attempting to discern any responses Defendant has made and will then address other arguments made by Defendant.

**Generally Applicable Law**

To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991).

Because defendants are entitled to the effective assistance of counsel under the Sixth Amendment, failure of their counsel to provide that assistance violates that Amendment. Defendant's Motion to Vacate clearly pleads ineffective assistance of trial counsel. In fact, Defendant accuses his attorney not of negligent ineffective assistance, but of willful corrupt

3

conspiratorial ineffective assistance, allegedly colluding with the United States Attorney in Defendant's conviction.

28 U.S.C. § 2255 provides a habeas corpus avenue of relief for persons convicted in federal court. It was added to the Judicial Code in 1948 to provide caseload relief for those courts in Districts with federal prisons by directing the post-conviction constitutional claims to the District Courts where conviction occurred.

Motions to vacate are not a substitute for appeal. Claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray, supra*, citing *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). A defendant's failure to raise a claim on direct appeal typically bars the defendant from raising it during collateral review. *Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019). An exception is made for claims of ineffective assistance of trial counsel which the courts of appeal prefer to have presented in motions to vacate. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006). Because of this preference, District Courts frequently see claims which could have been raised on appeal as trial court error (E.g., the trial court erred by ….) repackaged as ineffective assistance claims (The trial court would not have erred if my lawyer had argued ...).

**Grounds One, Two, and Three: Effect of Motion for New Trial**

While Defendant's appeal from resentencing was pending but before it was decided, Defendant filed his Omnibus [Newly Discovered] Evidence Motion (ECF No. 139). Judge Rice construed it was a new trial motion and denied it (ECF No. 147). The judge found the motion untimely regardless of the Rule under which it was made. Substantively, Judge Rice concluded:

4

> Defendant's arguments and examples in favor of his motion with addendum are simply not newly discovered evidence under the law. Defendant emphasizes that the agreed upon interpretation of the transcripts introduced/read into evidence at the Defendant's two trials were the result of a methodical process, during which his court appointed counsel participated in every step. Defendant's counsel had no objection to the translations, in their final form, and his knowledge and agreement is imputed to the Defendant. There is no evidence, whatsoever, that any aspect of any meeting between counsel and the agreed upon translator was fabricated for any nefarious purpose.

*Id.* at PageID 4304. Rosales had a right to appeal from the denial of the new trial motion, but did not do so. His time to appeal expired January 3, 2023, with no appeal filed. Indeed, he waited until almost the anniversary of Judge Rice's decision to file the Motion to Vacate.

Because he did not appeal from Judge Rice's factual conclusion that there was no evidence of improper conduct, he is now procedurally barred from raising that claim. His prior motion argued the United States had presented perjured testimony, but he also alleged his trial attorney "played along" and the "Vannoy firm participated in translations and allowed them to go uncorrected" (ECF No. 139, PageID 4079); "court-appointed counsel has been implicated" (*Id.* at PageID 4081); "deliberately and intentionally aided the Government to conceal exculpatory evidence" (*Id.*); "with the cooperation of court-appointed counsel Anthony Vannoy" (*Id.* at PageID 4084); "court-appointed counsel who has clearly been exposed" (*Id.*); "his court-appointed attorney helped conceal this evidence" (*Id.* at PageID 4085). Thus the assertion of Attorney Vannoy's misconduct was plainly before Judge Rice on the Omnibus Motion, rejected by the Judge, and not appealed.

Defendant attempts to excuse his procedural default in not appealing by claiming he is actually innocent. Proof of actual innocence will excuse a procedural default. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). However, actual innocence, standing alone, is not a basis for habeas

5

corpus relief. *Herrera v Collins,* 506 U.S. 390 (1993). Rather, persuasive proof of actual innocence will provide a "gateway" around procedural bars to habeas relief. *McQuiggin, supra.* To prevail on an actual innocence gateway claim, a petitioner must present new persuasive evidence of a certain character.

> To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Rosales has presented no new evidence at all of the quality required by *Schlup*. He has recharacterized Attorney Vannoy's behavior from relatively mild collusion to active conspiracy with the Government to convict, but that evidence is unavailing to prove actual innocence. In the first place, it is not new evidence: the participation of Attorney Vannoy or his associate in discussions with the Assistant United States Attorney and the interpreter about the translations has been a matter of record since the first trial. Secondly, it is not the sort of evidence called for by *Schlup*: even if accepted, it would only undermine the evidence already presented and that is not sufficient under *Schlup*. The "actual innocence" exception requires proof of factual innocence, not legal innocence. *Bousley v. United States,* 523 U.S. 614 (1998).

6

Finally, Rosales has offered no direct evidence of any conspiracy by Attorney Vannoy: no person has come forward to claim Attorney Vannoy has admitted to them – or indeed made any comment from which an admission could be inferred – that he conspired with the Government in this case. For him to have done so and indeed to have done so in the presence of third-party interpreter Marina Camacho[1] would have been professional suicide. He has presented only circumstantial evidence: Attorney Vannoy or his associate was present with the Assistant United States Attorney and Ms. Camacho when the translations of which he complains occurred. That simply does not prove any conspiracy.

Defendant's first three claims for relief, based as they are on a claim of conspiracy by defense counsel, were presented to the Court in the Omnibus Motion and denied. Defendant then failed to appeal and has offered no excusing cause and prejudice. The first three Grounds for Relief are barred by procedural default.

**Ground Four: Ineffective Assistance of Trial Counsel by Failure to Investigate**

In his Fourth Ground for Relief, Defendant asserts Attorney Vannoy provided ineffective assistance of trial counsel by failing to investigate evidence disclosed by the letters of Tanisha DeLong. Here again Defendant asserts Attorney Vannoy conspired with the Government, but adds a failure to investigate claim. He asserts Ms. DeLong "would have testified that Mr. Rosales was picking up two girls from the hotel [in whose parking lot he was arrested] and agreed to let them

---

[1] Marina Camacho is not a government employee, but an employee of a third-party, Vocalink, and has provided translations in federal criminal cases for many years, usually with the praise of accused. She would also have had no motive to conspire to convict Defendant.

7

stay at his house. Terry Tolle would have corroborated this as well." (Motion to Vacate, ECF No. 150, PageID 4325).

The Government has obtained and filed a Declaration of Attorney Vannoy[2] who reports:

> I have reviewed the affidavits that Rosales submitted from Tinisha Delong and Terry Tolle. I remember both individuals, and I believe they attended portions of Rosales' trial. I also know that, in text messages, the source of drug supply had identified Tolle as the sender of a wire transfer, the funds from which Duran used to travel to Ohio. Based on the content of Delong and Tolle's affidavits, I would not have called them as witnesses in his defense. Much of their declarations contain hearsay statements that would have been inadmissible at trial. In my opinion, any de minimus [sic] value from admissible portions of their statements would have been negated through even modest cross-examination.

(ECF No. 161-1, PageID 4597).

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

---

[2] By claiming ineffective assistance of trial counsel, Defendant waived his privilege for relevant conversations with his attorney.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689.

Defendant has failed to show that not calling these witnesses was not sound trial strategy. Indeed the Magistrate Judge agrees with Attorney Vannoy's assessment of these two witnesses. Their obvious bias in favor of Defendant would easily have been revealed on cross-examination and likely rendered their testimony incredible to the jury.

**Conclusion**

The conspiracy claims against Attorney Vannoy in Grounds One, Two, and Three are procedurally defaulted without excuse by Defendant's failure to appeal from Judge Rice's denial of a new trial. The claim of ineffective assistance of trial counsel in Ground Four is without merit. Defendant's Motion to Vacate should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

**To the extent that Defendant claims in any objections that his position is supported by either his Motion to Vacate or his Reply in support of that Motion, he must cite to the PageID in the 700+ pages of those two documents that support any such claim.**

September 17, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

\#