IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,     :     Case No. 3:17-cr-24

                                  District Judge Walter H. Rice
- vs -                           Magistrate Judge Michael R. Merz

JASON ROSALES,

           Defendant.    :

## SUBSTITUTED REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Objections (ECF No. 167) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 164). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 168).

**Withdrawal of Procedural Default Recommendation**

The Report recommended that Defendant's first three grounds for relief be dismissed as procedurally defaulted because they were available to be raised on appeal from the Court's denial of Defendant's Motion for New Trial (ECF No. 147) but no appeal had been taken. In his Objections, Defendant claims he could not have appealed in a timely fashion because he was not

1

furnished with a copy of the new trial decision until May 21, 2024, well past the appeal deadline of January 3, 2023. Upon examination, the docket does not show mailing of that decision to Defendant at the time it was filed. Accordingly, the recommendation to find the first three grounds for relief procedurally defaulted is WITHDRAWN and the Magistrate Judge will review those three grounds for relief *de novo*. This Report is substituted for the original Report in its entirety.

**Litigation History**

The grand jury for this District returned an indictment against Defendant on February 16, 2017, charging him with conspiring to possess with intent to distribute in excess of 500 grams of methamphetamine (Count One) and attempting to possess the same drug in the same amount (Count Two) (ECF No. 3). Trial commenced February 13, 2018, but the original jury was unable to reach a verdict. A new jury was empaneled and the second trial commenced July 16, 2018. This second jury found Defendant guilty on both counts on July 25, 2018 (ECF No. 60). On July 15, 2019, Defendant was sentenced to the term of imprisonment he is now serving and from which he seeks relief (ECF No. 75). Rosales appealed.

On March 16, 2021, the Sixth Circuit Court of Appeals affirmed the conviction, but remanded for reconsideration of the obstruction of justice enhancement. *United States v. Rosales*, 990 F.3d 989 (6th Cir. 2021)(copy at ECF No. 116). After the required reconsideration, Judge Rice imposed the same sentence as before (ECF No. 125) and Rosales again appealed (ECF No. 128).

On December 5, 2022, the Sixth Circuit affirmed the final judgment (ECF No. 148). Defendant did not seek review in the United States Supreme Court. On November 28, 2023, Defendant filed the instant Motion to Vacate (ECF No. 150).

In the instant Motion to Vacate, Defendant pleads the following Grounds for Relief:

> **Ground One:** Ineffective Assistance of Counsel/Serious Attorney Misconduct.
>
> **Ground Two:** Anthony VanNoy helped willfully conceal favorable evidence that proves Mr. Rosales' defense and theory.
>
> **Ground Three**: Anthony VanNoy stipulated to translations and exhibits without authority, allowing evidence to be developed and used.
>
> **Ground Four:** Failure to Present defense and investigate witnesses and develop evidence he knew existed [i. e. letters written from Tinisha DeLong].

(Motion, ECF No. 150, PageID 4320-25).

Defendant's Motion to Vacate is, with attachments, 241 pages long. The Government filed an Answer comprising twenty-three pages. Rosales then filed what he labeled as a Reply to the Answer, comprising 461 pages. Not only are Defendant's filings voluminous, they are also not organized around either his Grounds for Relief or arguments in opposition from the United States. Therefore the structure of this Report will follow the structure of the Answer, attempting to discern any responses Defendant has made and will then address other arguments made by Defendant.

**Generally Applicable Law**

To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991).

Because defendants are entitled to the effective assistance of counsel under the Sixth Amendment, failure of their counsel to provide that assistance violates that Amendment. Defendant's Motion to Vacate clearly pleads ineffective assistance of trial counsel. In fact, Defendant accuses his attorney not of negligent ineffective assistance, but of willful corrupt conspiratorial ineffective assistance, allegedly colluding with the United States Attorney in Defendant's conviction.

28 U.S.C. § 2255 provides a habeas corpus avenue of relief for persons convicted in federal court. It was added to the Judicial Code in 1948 to provide caseload relief for those courts in Districts with federal prisons by directing the post-conviction constitutional claims to the District Courts where conviction occurred.

Motions to vacate are not a substitute for appeal. Claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray, supra*, *citing Bousley v. United States*, 523 U.S.

614, 622 (1998) (internal citations omitted). A defendant's failure to raise a claim on direct appeal typically bars the defendant from raising it during collateral review. *Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019). An exception is made for claims of ineffective assistance of trial counsel which the courts of appeal prefer to have presented in motions to vacate. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006). Because of this preference, District Courts frequently see claims which could have been raised on appeal as trial court error (E.g., the trial court erred by ….) repackaged as ineffective assistance claims (The trial court would not have erred if my lawyer had argued ...).

As noted above, Defendant took a direct appeal from judgment but did not appeal from denial of his Motion for New Trial because he was not timely furnished with a copy of that decision. No procedural default flows from Defendant's failure to appeal the new trial decision.

**Grounds One, Two, and Three: Effect of Decision on the Motion for New Trial**

Although Defendant is not precluded by procedural default from raising his first three grounds for relief, to the extent they repeat arguments made in the Motion for New Trial which have already been decided by this Court, they must bear the burden of any motion for reconsideration. Judge Rice denied the Motion for New Trial in part because it was untimely, but he also addressed its substantive claims:

> Defendant's arguments and examples in favor of his motion with addendum are simply not newly discovered evidence under the law. Defendant emphasizes that the agreed upon interpretation of the transcripts introduced/read into evidence at the Defendant's two trials were the result of a methodical process, during which his court appointed counsel participated in every step. Defendant's counsel had no objection to the translations, in their final form, and his knowledge and agreement is imputed to the Defendant. There is no evidence, whatsoever, that any aspect of any meeting between

5

>counsel and the agreed upon translator was fabricated for any nefarious purpose.

(ECF No. 147, PageID 4304).

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

> The law of the case doctrine precludes reconsideration of an issue already decided in a previous stage of litigation, either explicitly or by necessary inference from the disposition. McKenzie v. BellSouth Telecomms., 219 F.3d 508, 513 (6th Cir. 2000) (citing *United States v. Moored,* 38 F.3d 1419, 1421-22 (6th Cir. 1994)). However, a ruling can be reconsidered: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice. *Id*. at 513 n. 3 (citing *Hanover Ins. Co. v. American Eng'g Co.,* 105 F.3d 306, 312 (6th Cir. 1997)).

*Miller v. City of Cincinnati*, 870 F. Supp. 2d 534, 539 (S.D. Ohio 2012)(Barrett, J.)

## Analysis

**Grounds One, Two, and Three:  Ineffective Assistance of Trial Counsel: Collusion in Conviction**

In his first three Grounds for Relief, Defendant accuses his trial attorney, Anthony VanNoy, of collusion with the United States in his conviction.  If proven, this charge would not only constitute ineffective assistance of trial counsel, but a serious ethical violation by Attorney VanNoy of his duty of client loyalty.

Rosales made these allegations of disloyalty already in his Motion for New Trial where he accused the Assistant United States Attorneys prosecuting this case of violations of *Brady v. Maryland*, 373 U.S. 83 (1963); *Strickler v. Greene*, 527 U.S. 263 (1999); and *Napue v. Illinois*, 360 U.S. 264 (1959), and Attorney VanNoy of collusion with them.  Defendant proclaimed his actual innocence and focuses on supposedly inaccurate translations of telephone calls.  As noted above, Judge Rice rejected these claims substantively as well as procedurally.

Then in his instant Motion to Vacate, Rosales repeats the same claims, packaging them as ineffective assistance of trial counsel claims to avoid the procedural bar arising from his direct appeal.  As noted above, the Court often sees what could have been trial court error claims on direct appeal repackaged as ineffective assistance of trial counsel claims because of the preference of the appellate courts for litigation of ineffective assistance of trial counsel claims in motions to vacate.

The claims focus on a meeting of Attorney VanNoy, AUSA Amy Smith, and interpreter Marina Camacho which resulted in a stipulation about translations of telephone calls which were presented to the jury.  Defendant's claim of a conspiracy is supported only by the circumstantial

7

evidence that these three met and that he does not agree with the resulting translation. As pointed out in the original Report, proof of any such conspiracy by Attorney VanNoy would be professional suicide and Rosales offers no motive for Attorney VanNoy's supposed collusion except a desire to "go along." More importantly, he offers no motive for Ms. Camacho's supposed agreement. As noted in the original Report, she has acted as an interpreter in cases in this Court for many years, often with the praise of accused persons for her independence and accuracy, but she is not a government employee and her contractual services are not dependent on the United States Attorney.

In his Objections to the original Report, Rosales doubles down on his conspiratorial mistranslation claims. He first reasserts his claim to be actually innocent which he says he has maintained from the outset. However, he has not made a freestanding claim of actual innocence and such a claim is not cognizable in habeas corpus proceedings in any event. *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993). New evidence of actual innocence may establish a gateway to avoid procedural bars to habeas relief. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). The Magistrate Judge has not suggested any procedural bar prevents consideration of the merits of Rosales' claims. Moreover, the kind of new evidence which Rosales has submitted is not the sort of new evidence required by the actual innocence exception. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005), citing *Schlup v. Delo*, 513 U.S. at 324. The extensive call log analysis Rosales has submitted could potentially, if found credible, undermine the evidence presented at trial, but undermining evidence is not the

8

sort of evidence required to prove the actual innocence exception. *Hubbard v. Rewerts,* 98 F.4th 736 (6th Cir. Apr. 16, 2024).

Rosales argues the evidence against him was mistranslated and the mistranslations read to the jury. He also claims at various points that the call logs in question have been misinterpreted. But Rosales has not demonstrated why the Court should not regard him as a completely interested and therefore biased witness.

Despite Defendant's additional submissions both with the Motion to Vacate and with his Objections to the original Report, the Court should not reconsider its conclusion on the Motion for New Trial: "There is no evidence, whatsoever, that any aspect of any meeting between counsel and the agreed upon translator was fabricated for any nefarious purpose." (ECF No. 147, PageID 4304).

**Ground Four: Ineffective Assistance of Trial Counsel: Failure to Present Favorable Evidence**

In his Fourth Ground for Relief, Rosales asserts Attorney VanNoy failed to investigate and present favorable evidence, particularly referring to letters written by Tinisha DeLong. He again asserts Attorney VanNoy conspired with the Government, but adds a failure to investigate claim. He asserts Ms. DeLong "would have testified that Mr. Rosales was picking up two girls from the hotel [in whose parking lot he was arrested] and agreed to let them stay at his house. Terry Tolle would have corroborated this as well." (Motion to Vacate, ECF No. 150, PageID 4325).

The Government has obtained and filed a Declaration of Attorney VanNoy who reports:

> I have reviewed the affidavits that Rosales submitted from Tinisha Delong and Terry Tolle. I remember both individuals, and I believe they attended portions of Rosales' trial. I also know that, in text messages, the source of drug supply had identified Tolle as the sender of a wire transfer, the funds from which Duran used to travel

9

> to Ohio. Based on the content of Delong and Tolle's affidavits, I would not have called them as witnesses in his defense. Much of their declarations contain hearsay statements that would have been inadmissible at trial. In my opinion, any de minimus [sic] value from admissible portions of their statements would have been negated through even modest cross-examination.

(ECF No. 161-1, PageID 4597). In the original Report, the Magistrate Judge recommended rejecting Ground Four because not calling these witnesses was obviously a matter of trial strategy, a matter on which a trial attorney's judgment is entitled to deference.

In his Objections, Rosales claims these two witnesses are only examples and he disagrees with Attorney VanNoy's trial strategy. He lists several questions which he claims only these witnesses could have answered (Objections, ECF No. 167, PageID 5087). He completely avoids the point that in his Motion to Vacate he claimed these witnesses could have corroborated his reasons for speaking with the girls in the parking lot and they could not have done so without giving hearsay testimony. How else would they know Rosales' motive unless he had told them?

He then inserts purported expert testimony about what should appear in a Verzon Wireless printout? How does he know? Rosales has not been qualified as an expert witness on cellphone communications but proceeds to argue at some length what various records show.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Defendant's Motion to Vacate be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that

the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 9, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #