# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                      Plaintiff,      :      Case No. 3:17-cr-00024

                                            District Judge Walter H. Rice
    -  vs  -                           Magistrate Judge Michael R. Merz

JASON ROSALES,

                      Defendant.     :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 150). The Magistrate Judge recommended dismissal in a Substituted Report and Recommendations ("Report," ECF No. 169), Petitioner has objected in what he labels "Substituted Objections" although they are in fact his original objections to the referenced Report ("Substituted Objections," ECF No. 170). District Judge Rice has recommitted the case for reconsideration in light of the Substituted Objections (ECF No. 171).

      At the outset it is well to recall the structure for §2255 litigation. It is commenced by filing a motion to vacate not more than one year after a federal conviction becomes final on direct appeal. 28 U.S.C. § 2255(f). The Sixth Circuit affirmed Defendant's conviction on December 5, 2022 (ECF No. 148). The conviction then became final May 5, 2023, the ninetieth day after affirmance,

1

which was the last day on which Rosales could have sought review by the United States Supreme Court.  Rosales filed his Motion to Vacate November 28, 2023, well within the one-year time limit.

The claims to be litigated on a motion to vacate are those raised in the Motion.  If a defendant desires to litigate additional claims, he must seek amendment of his Motion to Vacate as provided in Rule 12 of the Rules Governing § 2255 Proceedings (the "§2255 Rules"), that is by complying with Fed.R.Civ.P. 15.  Under Fed.R.Civ.P. 15, an amendment to an initial pleading – here the motion to vacate – can be made once without court permission or the consent of the opponent until an answer has been filed.  After that point, new issues can be introduced only by an amendment consented to by the opponent or authorized by the court.  Incorporation of Civil Rule 15 in the § 2255 Rules supports the conclusion that the motion to vacate structures the litigation, defining the issues to be litigated unless it is amended under Fed.R.Civ.P. 15.  Interpreting the § 2255 Rules in this way focuses the district court's attention on the issues to be decided as well as reinforcing the prohibition on second or successive motions to vacate without circuit court permission and the one-year statute of limitations.  See 28 U.S.C. § 2255 (f) and (h).

Rosales' Motion to Vacate pleads the following claims for relief:

> **Ground One:** Ineffective Assistance of Counsel/Serious Attorney Misconduct.
>
> **Ground Two:** Anthony Vannoy helped willfully conceal favorable evidence that proves Mr. Rosales' defense and theory.
>
> **Ground Three**: Anthony Vannoy stipulated to translations and exhibits without authority, allowing evidence to be developed and used.
>
> **Ground Four:** Failure to Present defense and investigate witnesses and develop evidence he knew existed [i. e. letters written from Tinisha DeLong].

2

(Motion to Vacate, ECF No. 150, PageID 4320-25).

Taken together, Rosales' Motion to Vacate and his Reply to the Government's Answer comprise over 700 pages of text.  The Report is structured around recommending a decision on the four grounds for relief pleaded in the Motion to Vacate.  As to the first three alleging serious and intentional misconduct by defense counsel Anthony VanNoy, the Report recommends dismissal because the same factual claims were presented by Rosales in his Motion for New Trial, rejected on the merits by Judge Rice, and not appealed (Report, ECF No. 169, PageID 5099-5101).  They are therefore procedurally defaulted and that default is not excused by any new evidence of actual innocence.  Furthermore the Motion to Vacate does not present a persuasive case for reconsideration of the new trial decision.

As to the Fourth Claim of failure to investigate and call several witnesses, the United States produced the Declaration of Attorney VanNoy showing he knew of and considered the witnesses Rosales mentions, but declined to call them because of the ease with which he estimated their testimony would be undermined on cross-examination. This is an obvious attorney tactical decision not to be disturbed in habeas.  Rosales objects that he disagreed with Attorney VanNoy's strategy, but his disagreement does not show VanNoy's performance was deficient.  Nor has he presented any evidence from these uncalled witnesses which shows what they actually would have testified to.  Hence Rosales' fourth claim as pleaded satisfies neither the deficient performance nor that prejudice prong of *Strickland v. Washington,* 466 U.S. 668 (1984).

Instead of objecting to these conclusions in the Report on their merits, Rosales attempts in his Objections to add many other claims of ineffective assistance of trial counsel against Attorney VanNoy.  As noted above, the Objections are twenty-four pages long with several hundred pages

3

of exhibits. This Supplemental Report will not attempt to list them all; instead, a number of representative examples will be quoted.

Rosales begins his Objections with discussion of actual innocence (ECF No. 170, PageID 5105, *et seq*.). Actual innocence, however, is not a ground for relief, but merely a "gateway" to avoid a procedural bar to considering claims on the merits. The Report does not conclude Rosales is barred from merit consideration of any of his claim by a procedural default which must somehow be excused. As to the first three grounds for relief, the Report notes that Judge Rice rejected their conclusion on the merits in denying the Motion for New Trial, but argues against reconsideration in the interest of judicial economy and because Rosales has not shown the decision on the new trial motion was in error.

Already on the second page of his Objections, Rosales accuses Attorney VanNoy of ineffective assistance of trial counsel in a way not pleaded in the Motion to Vacate:

> Mr. Rosales provided this Court with Government Exhibits 10A-B [and] 11A-B that demonstrates the 1410 digit cellphone number communicating with 0163 and 5384. <u>Anthony Vannoy agreed to exclude these crucial pieces of evidence [from the] second trial.</u> [Emphasis sic.] The Government submitted two new hard copy exhibits from Verizon Wireless (?). What's significant about these two new exhibits (is) the 1410 digit number that was actually communicating with 0163 doesn't appear inside Verizon records like it should.

(Objections, ECF No. 170, PageID 5105-06). He then argues this is somehow inconsistent with Detective Jason Via's testimony about the kind of report that Cellbrite generates. Attorney VanNoy is asserted to have provided ineffective assistance in not keeping the relevant Government exhibits out of evidence.

4

The Court should note that this supposed failure of Attorney VanNoy is nowhere pleaded in the Motion to Vacate nor did Rosales ever move to amend the Motion to Vacate to add this claim. Conclusory pleading of "ineffective assistance of trial counsel" does not entitle a habeas petitioner to continue to add new examples of alleged ineffective assistance as the case progresses, at least not without satisfying the amendment requirements. To allow such informal amendment would sandbag the Government attorney and prevent the Court from focusing on issues truly at issue by changing the focus.

In addition to Rosales' failure to make this ineffective assistance of trial counsel claim in the Motion to Vacate, he also supports it by his unqualified expert opinion about what the cellphone report should show. He claims it is just "common sense," [PageID 5106] but what a cellphone extraction report should show is not within the common sense understanding of the undersigned.

As a second example of a claim of ineffective assistance of trial counsel not pleaded in the Motion to Vacate, the Magistrate Judge notes Rosales' assertion that Attorney VanNoy continued to allow the misrepresentation of the Wal-Mart money receipt with the name Terry Tolle. (PageID 5112). That claim is not made in the Motion to Vacate nor was it added by amendment. Similarly the claim that Attorney VanNoy could have suppressed the statements of Alex Hillman (*Id.*) are not pleaded.

Much of the rest of the Objections is devoted to arguing Rosales has maintained his innocence from the beginning and how the result of the trial could have been different if Attorney VanNoy had done things differently. But Rosales is not entitled to re-try the case at this point – the District Judge has already decided his "new" evidence is not sufficient for a new trial.

5

In his Conclusion, Rosales argues he "has made an adequate showing of a substantial difference of evidence that was produced [at the] second trial." (ECF No. 170, PageID 5126). But that proposition, even if true, does not entitle him to relief. Having failed to persuade a jury with the evidence first presented, a reasonable prosecutor would not rely on the prior presentation. The Government was not confined by its first presentation and it does not amount to ineffective assistance of trial counsel for a defense attorney to attempt to so confine it.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Motion to Vacate be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 7, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.