# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                        Plaintiff,      :      Case No. 3:17-cr-00024

                                                           District Judge Walter H. Rice
   -  vs  -                                   Magistrate Judge Michael R. Merz

JASON ROSALES,

                        Defendant.      :

## DECISION AND ORDER

This § 2255 case is before the Court on Defendant's Supplemental Request ("Supplemental Request," ECF No. 176) to Satisfy Requirements to Add More Specific Allegations According to Fed.R.Civ.P. 15(a)(2) as Specified in (Doc. 160) Relating Back to (Doc. 150).

The Supplemental Request begins with the words "Mr. Rosales objects to all adverse rulings in the Report and Recommendations (R&R) issued on November 8, 2024 (Doc. 172). As a *pro se* litigant, Rosales is entitled to a liberal construction of his filings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). His Supplemental Request was filed within the time allowed for objections to the Supplemental Report and Recommendations as extended and will therefore be reviewed by Judge Rice *de novo* when they become ripe, i.e.

after the United States has an opportunity to respond. However, in addition to objections, the Supplemental Request contains a number of other requests for court action on which the Magistrate Judge must rule.

In the first instance, Mr. Rosales asks that the instant filing be treated as a motion to amend (PageID 5171). He acknowledges he must meet the standards for amending his § 2255 motion that apply to like motions under Fed.R.Civ.P. 15. The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose,

2

J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).

This case commenced with an Indictment handed down by the grand jury on February 16, 2017 (ECF No. 3). The second trial concluded with a guilty verdict on July 26, 2018 (ECF No. 61). Judgment was entered July 23, 2019, largely delayed by defense motions. The Sixth Circuit entered judgment March 16, 2021, affirming but remanding for consideration of the obstruction of justice enhancement (ECF No. 116). Rosales was re-sentenced on June 9, 2021 (ECF No. 120). He again appealed, but the judgment was affirmed on December 5, 2022 (ECF No. 148). Rosales did not seek review in the United States Supreme Court, so his conviction became final ninety days later on March 5, 2023. He filed his Motion to Vacate under 28 U.S.C. § 2255 on November 28, 2023, within the one year statute of limitations enacted in 28 U.S.C. § 2255(f). However, that statute expired more than ten months ago on March 5, 2024. Any amendments made now would be barred by the statute unless they relate back to claims made in the original Motion.

Mr. Rosales' proposed amendments assert additional instances of alleged ineffective assistance of trial counsel on the part of Attorney Anthony VanNoy. For example, Defendant now asserts Attorney VanNoy failed to investigate certain Government exhibits (Supplemental Request, ECF No. 176, PageID 5173, *et seq.*).[1] He revisits his claim of collusion between AUSA Lafferty and Attorney VanNoy, a claim already rejected by Judge Rice in denying Rosales' motion for new trial.

As the Supplemental Request suggests, the Magistrate Judge has found Rosales' initial pleading of ineffective assistance of trial counsel to be quite generalized. That problem cannot be cured by amendments filed after the statute expires that provide detailed allegations. In a parallel situation the Sixth Circuit found new detailed claims of violations of *Brady v. Maryland*, 373 U.S. 83 (1963), did not relate back because the *Brady* claim in the original petition was "completely bereft of specific fact allegations or evidentiary support and not tied to any particular theory of relief." *Hill v. Mitchell*, 842 F.3d 910 (6th Cir. 2016). The same is true here. The more detailed ineffective assistance of trial counsel claims made in the Supplemental Request do not relate back to the original filings and are therefore barred by the statute of limitations.

Rosales seeks to avoid the bar of the statute by claiming he is actually innocent of the crimes of which he was convicted, relying on *McQuiggin v. Perkins*, 569 U.S. 383 (2013), where the Supreme Court held:

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the

---

[1] Rosales contends these exhibits were contrived falsely by the United States. This is a claim which could have been made on direct appeal, but was not and is now barred by *res judicata*. Because ineffective assistance of trial counsel claims are not barred by *res judicata*. Rosales employs the not infrequent habeas corpus strategy of restructuring a trial court error or prosecutorial misconduct claim as something that would not have happened if only his counsel had been effective.

4

> statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

Rosales fails to satisfy the *McQuiggin* standard because he has actually produced no new evidence that was not before the jury. Instead, he has questioned the authenticity of the evidence presented to the jury. Proof of actual innocence requires *new* evidence of a certain quality. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298 at 324 (1995).

Even if Rosales' amendments were not barred by § 2255(f), they are untimely, that is, they are presented after undue delay and appear to have a dilatory purpose. He argues this litigation is in its early stages. Not so. In one court or another, it has been pending for almost eight years. If

5

the Court were to grant relief on the Motion to Vacate, it is difficult to imagine how the United States would not be prejudiced by the need to reassemble its trial witnesses.

Because Rosales' proposed amendments are barred by the statute of limitations and are untimely, his request to amend is denied.

Given this denial, Defendant's ancillary Motions for an Evidentiary Hearing (ECF No. 177), Appointment of Counsel (ECF No. 178), and Discovery (ECF No. 179) are denied. His Motion for a Certificate of Appealability will be considered as an objection to the recommendation to deny such a certificate made in both pending Reports.

January 15, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge