IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF
AMERICA,

    Plaintiff/Respondent,

    v.

JASON ROSALES,

    Defendant/Movant.

:

:

:

:

:

Case Nos. 3:17-cr-24
          3:24-cv-193

Judge Walter H. Rice

Magistrate Judge Michael R. Merz

---

DECISION AND ENTRY ADOPTING SUBSTITUTED AND SUPPLEMENTAL REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOCS. #169, 172), OVERRULING OBJECTIONS THERETO (DOCS. #170, 180), AND OVERRULING MOTION TO VACATE CONVICTION PURSUANT TO 28 U.S.C. § 2255 (DOC. #150); JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF/RESPONDENT UNITED STATES OF AMERICA AND AGAINST DEFENDANT/MOVANT JASON ROSALES; DEFENDANT IS DENIED A CERTIFICATE OF APPEALABILITY AND SHOULD NOT BE PERMITTED TO PROCEED ON APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

*Pro Se* Defendant/Movant Jason Rosales has filed a Motion to Vacate his Conviction pursuant to 28 U.S.C. § 2255. (Motion to Vacate, Doc. #150). The matter was referred to Magistrate Judge Michael R. Merz for a Report and Recommendations, which the Magistrate Judge filed on October 9, 2024. (Substituted Report, Doc. #169).[1] Defendant filed Objections (Substituted

---

[1] The Magistrate Judge filed an Initial Report and Recommendations on September 17, 2024. (Doc. #164). On Objections by Defendant (Doc. #167), the Magistrate Judge withdrew the Initial Report.

Objections, Doc. #170), and the undersigned recommitted the matter to the Magistrate Judge (Recommittal Order, Doc. #171), who, on November 8, 2024, issued a Supplemental Report and Recommendations (Doc. #172), to which Defendant again objected. (Supplemental Objections, Doc. #180).[2] For the reasons set forth below, the Court ADOPTS the Substituted and Supplemental Reports, OVERRULES the Substituted and Supplemental Objections thereto, and OVERRULES the Motion to Vacate.

## I.    Factual Background and Procedural History

On July 25, 2018, at the conclusion of his second trial, Defendant was found guilty of one count of conspiracy to possess with intent to distribute methamphetamine and one count of attempt to possess with intent to distribute methamphetamine. (Superseding Indictment, Doc. #28; Verdict Forms, Doc. #61; Judgment, Doc. #76, PAGEID 286-87, citing 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)). On July 23, 2019, Defendant was sentenced to two hundred forty months imprisonment, to be served "consecutively to any Post Release Control revocation time ordered by the State of Ohio." (Doc. #76, PAGEID 288). Defendant filed a timely Notice of Appeal (Doc. #78), and on March 16, 2021, the United States

---

[2] Defendant styled his Supplemental Objections as a Request for Certificate of Appealability. (Doc. #180, PAGEID 5244). On January 15, 2025, the Magistrate Judge, along with other actions, properly ordered that the Request "be considered as an objection to the recommendation to deny such a certificate made in both pending Reports." (Decision and Order, Doc. #181, PAGEID 5256). On January 27, 2025, Defendant filed a general appeal of the Magistrate Judge's decision, stating in its entirety that he "moves to preserve these issues to [sic] Judge Rice." (Appeal, Doc. #182, PAGEID 5257). To the extent that Defendant is appealing the Magistrate Judge's order that the Request be considered as the Supplemental Objections, the Appeal is overruled.

2

Court of Appeals for the Sixth Circuit affirmed Defendant's convictions, but remanded to this Court for resentencing so as to make express factual findings for "material hindrance" to support the two-level obstruction enhancement. *United States v. Rosales*, 990 F.3d 989, 998-99 (6th Cir. 2021), quoting *United States v. Range*, 982 F.2d 196, 198 (6th Cir. 1992); citing U.S. SENT'G GUIDELINE § 3C1.1). On June 2, 2021, the Court, making specific findings of willfulness material hindrance, resentenced Defendant to the same sentence. (Minute Entry, Doc. #119; Supp. Judgment, Doc. #125; Hrg. Tr., Doc. #133). Defendant again appealed, and the Sixth Circuit affirmed both his conviction and sentence. *United States v. Rosales*, 6th Cir. No. 21-4130, Doc. #23-2 (Dec. 5, 2022).

On or about May 23, 2022 (Cert. Mail Receipt, Doc. #139-3, PAGEID 4164), while his direct appeal was pending, Defendant filed a Motion for New Trial based on newly-discovered evidence. (Doc. #139, PAGEID 4078, citing FED.R.CRIM.P. 33). The gravamen of the Motion was "interpretation of the transcripts introduced/read into evidence at the Defendant's two trials." (Order, Doc. #147, PAGEID 4304). Defendant argued that his trial attorney, Anthony Vannoy, colluded with Assistant United States Attorney ("AUSA") Amy Smith, who was representing Plaintiff/Respondent United States of America ("Government"), to prevent evidence favorable to Defendant from being introduced at trial and, in turn, to coerce Defendant into accepting a plea agreement. (Memo. in Support, Doc. #139-1, PAGEID 4089). Defendant claims that Mr. Vannoy and

3

AUSA Smith stipulated to the accuracy of the translations of phone recordings, verified by Court-appointed interpreter Marina Camacho, despite knowing that the translations were inaccurate. (*Id*. at PAGEID 4092-93). On December 2, 2022, the Court overruled that Motion as time-barred. (Doc. #147, PAGEID 4303-04). Moreover, the Court emphasized that the transcripts' translations and subsequent introductions and admissions as evidence "were the result of a methodical process, during which his court appointed counsel participated in every step. Defendant's counsel had no objection to the translations, in their final form, and his knowledge and agreement is imputed to the Defendant." (*Id*. at PAGEID 4304). Thus, the undersigned held, Defendant's "arguments and examples in favor of his motion . . . are simply not newly discovered evidence under the law." (*Id*.). Also, the Court concluded that Defendant's allegations of collusion by Mr. Vannoy with AUSA Smith were baseless: "There is no evidence, whatsoever, that any aspect of any meeting between counsel and the agreed upon translator was fabricated for any nefarious purpose." (*Id*.). For those reasons, the Court concluded that the Motion for New Trial, even if it had been timely, was meritless. (*Id*.).

On November 15, 2023, Defendant filed his timely Motion to Vacate. (Doc. #150, PAGEID 4332). While not a model of clarity, Defendant purports to accuse Mr. Vannoy of: generally committing attorney misconduct and malfeasance (Claim One), concealing evidence favorable to his case and defenses (Claim Two), stipulating to the accuracy of exhibits and translations of transcripts without

4

authority to do so (Claim Three); and unreasonably failing to investigate witnesses (Claim Four). (*Id*. at PAGEID 4320, 4322, 4323, 4325).

In the Substituted Report[3], the Magistrate Judge noted that, in his Motion for New Trial, Defendant had already accused his Mr. Vannoy of colluding with AUSA Smith in the latter's violations of Supreme Court precedent safeguarding criminal defendants. (Doc. #169, PAGEID 5099, citing *Strickler v. Greene*, 527 U.S. 263 (1999); *Brady v. Maryland*, 373 U.S. 83 (1963); *Napue v. People of State of Illinois*, 360 U.S. 264 (1959)). The Magistrate Judge concluded that the mere stipulation to the accuracy of a transcript, without more, was not evidence of a conspiracy among Mr. Vannoy, AUSA Smith, and Ms. Camacho to deprive Defendant of a fair trial. (*Id*. at PAGEID 5099-5100). The Magistrate Judge further concluded that "the Court should not reconsider its conclusion on the Motion for New Trial: 'There is no evidence, whatsoever, that any aspect of any meeting between counsel and the agreed upon translator was fabricated for any nefarious purpose.'" (*Id*. at PAGEID 5101, quoting Doc. #147, PAGEID 4304). Finally, as to counsel's alleged failure to investigate statements and call witnesses at trial, the Magistrate Judge, relying on Defendant's attorney's declaration that he

---

[3] In the withdrawn Initial Report, the Magistrate Judge recommended that most of Defendant's claims be dismissed as procedurally defaulted, since the arguments were available to be raised on appeal from the Court's denial of his Motion for new trial, "but no appeal had been taken." (Doc. #169, PAGEID 5093, citing Initial Report, Doc. #164, PAGEID 5070, 5072). However, Defendant argued that he had not been furnished with a copy of the denial Order until May 2024. (*Id*. at PAGEID 5093-94, citing Objs. to Initial Report, Doc. #167, PAGEID 5078-79). Finding nothing on the docket to call into doubt Defendant's version of events, the Magistrate Judge withdrew the Initial Report and analyzed Defendant's claims on their respective merits.

did investigate the alleged witnesses' statements and found them to be incredible,
concluded that the decision not to call those witnesses was within the ambit of
sound trial strategy. (*Id.* at PAGEID 5101-02, quoting A. Vannoy Decl., Doc.
#161-1, PAGEID 4597, ¶ 8). Consequently, the Magistrate Judge recommended
that: the Motion to Vacate be overruled, Defendant be denied a certificate of
appealability ("COA"), and "the Court certify to the Sixth Circuit that any appeal
would be objectively frivolous and should not be permitted to proceed *in forma
pauperis*." (*Id.* at PAGEID 5102-03).

In his Objections to the Substituted Report, Defendant claims that the
Magistrate Judge erred in failing to consider all of the evidence supporting his
actual innocence argument. (Doc. #170, PAGEID 5104-05, citing *House v. Bell*,
547 U.S. 518 (2006)). Specifically, Defendant argues that his counsel stipulated
to inculpatory translations; despite Defendant telling Mr. Vannoy that the
translations were inaccurate and attempting to get Mr. Vannoy to submit to the
Court accurate translations, Mr. Vannoy nonetheless only noted to the Court that
Defendant doubted their accuracy. (*Id.* at PAGEID 5110-11). Defendant reiterates
his contention that Mr. Vannoy and AUSA Smith conspired to conceal evidence
supporting his defense of factual innocence, and that Mr. Vannoy stipulated to the
introduction of: (1) sworn statements that, according to Defendant, were never
made by the declarants, and (2) as discussed above, mistranslated text messages
that were never authenticated by the mobile phone carrier. (*Id.* at PAGEID 5111-

6

13, 5117, 5121).  Defendant again asserts that his attorney failed to interview Tinisha Delong and Terry Tolle as potential witnesses, and given their anticipated testimonies, this failure likely prevented the jury from returning a proper verdict of not guilty.  (*Id*. at PAGEID 5125).  Taken together, Defendant claims that Mr. Vannoy's inadequate investigation and preparation for the case and his purported collusion with AUSA Smith resulted in a "fundamental miscarriage of justice."  (*Id*. at PAGEID 5115, quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

The undersigned returned the matter to the Magistrate Judge in light of the Substituted Objections (Doc. #171), and on November 8, 2024, the Magistrate Judge issued the Supplemental Report.  (Doc. #172).  The Magistrate Judge recommended that Defendant's Claims One through Three of active attorney misconduct be dismissed as procedurally defaulted, "because the same factual claims were presented by [Defendant] in his Motion for New Trial, rejected on the merits by Judge Rice, and not appealed[.]"  (*Id*. at PAGEID 5133, citing Subst. Report, Doc. #169, PAGEID 5099-5101).  As to Defendant's claim that his attorney was ineffective by not investigating and calling certain witnesses, the Magistrate Judge noted that Mr. Vannoy's declaration showed that Mr. Vannoy did indeed interview the witnesses, but declined to call them at trial because he surmised from those interviews that they would not be credible witnesses.  This decision, the Magistrate Judge reiterated, was well within the scope of sound trial strategy, and Defendant's *post hoc* disagreement with counsel's decision does not

7

make counsel's performance deficient. "Nor has [Defendant] presented any evidence from these uncalled witnesses which shows what they actually would have testified to." (*Id*.). Consequently, the Magistrate Judge concluded Defendant had not satisfied either prong of *Strickland v. Washington*, and recommended that the failure to investigate claim be dismissed on the merits. (*Id*., citing *Strickland*, 466 U.S. 668 (1984)).

The Magistrate Judge also noted that, in the Substituted Objections, Defendant raised numerous arguments for the first time, including but not limited to his attorney: (1) being ineffective in not objecting to certain mobile phone records being introduced into evidence, despite his attorney purportedly knowing that the records were inaccurate; and (2) "continu[ing] to allow the misrepresentation of the Wal-Mart money receipt with the name Terry Tolle." (Doc. #172, PAGEID 5134-35, quoting Doc. #170, PAGEID 5105-06; citing Doc. #170, PAGEID 5112). The Magistrate Judge concluded that the arguments were not properly before the Court because they were not raised in the Motion to Vacate; nor had Defendant sought leave to amend his Motion to include those claims. (*Id*. at PAGEID 5135). Similarly, the Magistrate Judge surmised that "[m]uch of the rest of the Objections is devoted to arguing [that] Rosales has maintained his innocence from the beginning and how the result of the trial could have been different if Attorney Vannoy had done things differently. But Rosales is not entitled to re-try the case at this point." (*Id*.). Finally, the Magistrate Judge

8

noted that the Government was not limited in its second trial to evidence presented at the first trial; thus, any alleged failure by Mr. Vannoy to object to the Government presenting new evidence at the second trial could not have been deficient performance. (*Id.* at PAGEID 5136, quoting Doc. #170, PAGEID 5126). The Magistrate Judge again recommended that the Motion to Vacate be overruled and that the Court not grant Defendant a COA. (*Id.*).

In his Supplemental Objections, Defendant notes that he need not succeed on the merits to obtain a COA; rather, he must only make a substantial showing of a denial of a constitutional right. (Doc. #180, PAGEID 5244, citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1989); *see also* 28 U.S.C. § 2253(c)(2) (standard for granting COA). Defendant argues that he should receive a COA as to both his ineffective assistance of counsel and attorney misconduct claims. (*Id.*). Defendant again asserts that Mr. Vannoy deprived him of his right to refuse to stipulate to the accuracy of the translations, and that the stipulation allowed the Government to introduce material falsehoods while concealing material facts that, had they been properly introduced, would have corroborated his argument of actual innocence and led to his acquittal. (*Id.* at PAGEID 5245). He also reiterates his argument that Mr. Vannoy was ineffective by failing to investigate all of the Government's evidence or to present and develop exculpatory evidence that Mr. Vannoy knew existed at the time of trial. (*Id.* at PAGEID 5245-46, 5248, citing *Strickland*, 466 U.S. at 690 (arguing that "no competent attorney would have made these

9

decision[s].")). Finally, Defendant maintains that Mr. Vannoy was deficient in failing to call Terry Tolle as a witness, as Tolle could have testified that he never sent money via Wal-Mart in connection with a payment to Monica Duran as part of the drug conspiracy. Tolle's testimony, Defendant argues, would have negated a key piece of evidence—the Wal-Mart receipt purporting to tie Defendant to the drug trafficking and conspiracy for which he was convicted. (*Id.* at PAGEID 5247-48, citing Trial Tr., Doc. #93, PAGEID 1145-46; Doc. #99, PAGEID 1664).

The Government did not respond to either the Substituted or Supplemental Objections. The matter is now ripe for decision.

### II.   Legal Standards

As "a prisoner petition challenging the conditions of confinement[,]" the Motion was referred to the Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(b), under which the Magistrate Judge "must enter a recommended disposition," and "a party may serve and file specific written objections to the proposed findings and recommendations." FED.R.CIV.P. 72(b)(1-2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3).

Analogous to petitions for writs of *habeas corpus* seeking release from state court judgments under 28 U.S.C. § 2254, 28 U.S.C. § 2255 allows a federal

prisoner to seek relief from a federal conviction that was obtained in violation of the movant's constitutional or federal rights. 28 U.S.C. § 2255(a). "To warrant relief under section 2255, a petitioner must have shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003), quoting *Davis v. United States*, 417 U.S. 333, 346 (1974). This burden is heightened with respect to ineffective assistance of counsel claims:

> [I]n *Strickland*, we said that "[j]udicial scrutiny of [a] counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Thus, even when a court is presented with an ineffective-assistance claim not subject to [28 U.S.C.] § 2254(d)(1) deference, a defendant must overcome the "presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Bell v. Cone*, 535 U.S. 685, 698 (2002), quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).

## III. Analysis

### A. Claims One through Three

Defendant's attorney colluding with AUSA Smith to suppress exculpatory evidence and amplify inculpatory evidence, "[i]f proven . . . would not only constitute ineffective assistance of trial counsel, but a serious ethical violation by Attorney Vannoy of his duty of client loyalty." (Doc. #169, PAGEID 5099). The Magistrate Judge correctly noted that in his Motion for New Trial, Defendant

11

accused Mr. Vannoy of colluding with AUSA Smith and Ms. Camacho to further the AUSA Smith's concealment of exculpatory *Brady* evidence. (*Id.*, citing *Strickler*, 527 U.S. 263; *Brady*, 373 U.S. 83; *Napue*, 360 U.S. 264; Doc. #139, PAGEID 4079-80, 4082-84). The Court rejected this argument, concluding that "[t]here is no evidence, whatsoever, that any aspect of any meeting between counsel and the agreed upon translator was fabricated for any nefarious purpose." (Doc. #147, PAGEID 4304). Moreover, Defendants arguments, examples, and supporting materials were "not newly discovered evidence under the law." (*Id.*).

In their respective reviews of the Motion to Vacate, attached exhibits, and Objections, neither the Magistrate Judge nor the undersigned could find anything, much less new evidence, submitted by Defendant that actually gives credence to his specious allegations of collusion. The bulk of the allegations are, again, claims that Mr. Vannoy wrongly stipulated to certain pieces of evidence, such as translations of phone calls, and failed to object to other pieces of evidence, specifically mobile text messages, that Defendant thought were fabricated. (*See, e.g.*, Memo. in Support of Motion, Doc. 150-1, PAGEID 4365-66, 4369). Yet, it is axiomatic that, as part of sound trial strategy and maintaining credibility with a jury, counsel may stipulate to the validity of certain exhibits and need not lodge every colorable objection. More importantly, Defendant offers no evidence to corroborate his conjecture.

12

Indeed, portions of the trial transcripts cited by Defendant show Mr. Vannoy attempting to undermine both the credibility of the Government witness and the impact of the Wal-Mart money order receipt. (Exh. to Motion, Doc. #150-7, PAGEID 4437, quoting Trial Tr., Doc. #97, PAGEID 1432). That counsel's cross-examination did not result in an acquittal does not mean that counsel performed deficiently under *Strickland*. However, it is a powerful piece of evidence against the idea that Mr. Vannoy was colluding with AUSA Smith, and in the absence of *any* evidence of malfeasance and collusion by Mr. Vannoy, Claim One must be overruled as baseless. Moreover, Defendant presented no evidence that Mr. Vannoy concealed exculpatory evidence or that he conspired with AUSA Smith and Ms. Camacho to introduce inaccurate transcripts. Thus, Claims Two and Three must be dismissed, and Plaintiff's Substituted and Supplemental Objections are also overruled as to all three claims.[4]

### B.   Claim Four

As discussed above, whereas Claims One through Three are alleged sins of commission (Mr. Vannoy colluding with AUSA Smith to ensure a conviction), Claim Four is an alleged sin of omission—failing to investigate and call particular individuals as witnesses based on information that Defendant supposedly provided

---

[4] The Magistrate Judge concluded that Claims One through Three were also procedurally defaulted, "because the same factual claims were presented by Rosales in his Motion for New Trial, rejected on the merits by Judge Rice, and not appealed." (Doc. #172, PAGEID 5133). As Claims One through Three are meritless and would be subject to dismissal even if they were properly before the Court, the undersigned does not address this conclusion.

13

Mr. Vannoy about these individuals. (Doc. #150, PAGEID 4325). As the

Magistrate Judge noted (Doc. #172, PAGEID 5133), the Government produced a

declaration from Mr. Vannoy, stating:

> I remember both [Delong and Tolle], and I believe they attended
> portions of Rosales' trial. I also know that, in text messages, the
> source of drug supply had identified Tolle as the sender of a wire
> transfer, the funds from which [alleged co-conspirator] Duran used to
> travel to Ohio. Based on the contents of Delong and Tolle's affidavits,
> I would not have called them as witnesses in his defense. Much of
> their declarations contain hearsay statements that would have been
> inadmissible at trial. In my opinion any de minimus [*sic*] value from
> admissible portions of their statements would have been negated
> through even modest cross-examination.

(A. Vannoy Decl., Doc. #161-1, PAGEID 4597, ¶ 8). Again, it is axiomatic that an

attorney need not call every potential witness suggested by a defendant, and that

an attorney may, as part of sound trial strategy, decline to call a potential witness

if the attorney decides that the witness's testimony is unlikely to be helpful.

The Magistrate Judge noted that, in his Substituted Objections, Defendant

attempted "to add many other claims of ineffective assistance of trial counsel

against Attorney Vannoy." (Doc. #172, PAGEID 5133). In his Supplemental

Objections, Defendant also appears to raise certain instances of ineffective

assistance for the first time. (*See, e.g.*, Doc. #180, PAGEID 5247 (Mr. Vannoy

agreeing for Exhibit 20A not to be submitted to the jury, thus depriving the jury of

the chance to consider its inconsistencies with the inculpatory Exhibit 12)).

However, "the Sixth Circuit has generally articulated that 'issues raised for the first

time in objections to a Magistrate Judge's Report and Recommendation are

14

deemed waived.'" *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023)

(cleaned up), quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir.

2000)). Defendant gives no reason for the Court to depart from this well-reasoned

principle. Thus, the Court may not consider those alleged instances of deficient

performance by Mr. Vannoy. As Defendant has fallen well short of showing

deficient performance under *Strickland*, the Court overrules Claim Four and

Defendant's Substituted and Supplemental Objections to that claim.

### C. Actual Innocence

While not tied to particular claims for relief, in his Motion and throughout

other filings, Defendant has claimed that he is "actually innocent" of the crimes for

which he was convicted. (Entrapment Proffer, Doc. #150-10, PAGEID 4485;

Reply, Doc. #163, PAGEID 4611; Doc. #170, PAGEID 5108; Doc. #180, PAGEID

5248). As the Magistrate Judge noted, actual innocence is not a freestanding

claim for relief in a section 2255 motion; rather, "[n]ew evidence of actual

innocence may establish a gateway to avoid procedural bars to habeas relief."

(Doc. #169, PAGEID 5100, citing *McQuiggin v. Perkins*, 569 U.S. 383, 386-87

(2013); *Herrera*, 506 U.S. at 408-11). "It is important to note in this regard that

'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*

*v. United States*, 523 U.S. 614, 623 (1998). In other words, it is not enough that

any new evidence could cause a reasonable juror not to be convinced beyond a

reasonable doubt of a defendant's guilt. Rather, a defendant must "show that it is

15

more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The Magistrate Judge correctly points out that "[t]he extensive call log analysis Rosales has submitted could potentially, if found credible, undermine the evidence presented at trial, but undermining evidence is not the sort of evidence required to prove the actual innocence exception." (Doc. #169, PAGEID 5100-01, citing *Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024)). Defendant's alleged proof of his innocence, as stated in his filings, include but are not limited to: the aforementioned call logs, the potential testimony of Ms. DeLong and Mr. Tolle, the misinterpretations and mistranslations of text messages, and inconsistencies regarding the money order or wire transfer originating from Wal-Mart. (*See, e.g.*, Doc. #170, PAGEID 5109; Doc. #180, PAGEID 5247). This evidence, such that it is, suffers from two fatal defects. *First*, none of this evidence, besides perhaps the call logs, is new. *Second*, and more importantly, even if all of the evidence were considered and found to be credible, it would only undermine the Government's theory of guilt. It does not compel the conclusion that Defendant is factually innocent of the crimes for which he was convicted. *Hubbard*, 98 F.4th at 743. Consequently, even if there were a procedural or time bar to asserting claims for relief, Defendant could not meet the standard to circumvent the bar.

## IV.  Conclusion

In light of the above, the Court ADOPTS the Substituted (Doc. #169) and Supplemental (Doc. #172) Report and Recommendations and OVERRULES Defendant's Objections thereto (Docs. #170, 180).  The Motion to Vacate (Doc. #150) is DISMISSED WITH PREJUDICE.  Judgment shall enter in favor of the Government and against Defendant.  As Defendant has not "made a substantial showing of the denial of a constitutional right[,]" 28 U.S.C. § 2253(c)(2), and the result reached herein would not be debatable among reasonable jurists, the Court does not grant him a certificate of appealability.  The Court further certifies that any appeal to the Sixth Circuit would not be taken in good faith, and Defendant should not be permitted to proceed on appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

Walter H. Rice

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

February 12, 2025

17